### MILNER et al. v. VAN HIGGINS et al.

8 Div. 408.

Supreme Court of Alabama.

Oct. 5, 1933.

Street & Bradford, of Guntersville, for appellants.

J. A. Lusk, of Guntersville, for appellees.

BOULDIN, Justice.

The pertinent facts essential to a right decision, presented in a rather involved and voluminous record of pleadings and proof, may be summarized as follows:

Farmers' Co-operative Gin, Warehouse & Sales Company was a ginning corporation at Boaz, Ala., organized in 1913. It conducted a profitable business, ginning and dealing in cotton seed, down to 1926.

In 1925 another corporation, the Farmers' Warehouse & Supply Company, was organized, with a view to adding warehouse facilities, erecting a new and improved ginnery in Boaz, and near the site of the old ginnery.

The stockholders in each concern were numerous, largely farmers who raised cotton. Many stockholders held stock in both concerns and had directors and officers common to both.

Early in 1926 proceedings to consolidate the two companies under the statute were undertaken, and under a supposed consolidation the properties of the two concerns passed to the management of the consolidated corporation, under the name of Farmers' Warehouse & Gin Company.

In September, 1926, three stockholders of the older company, who had not approved the consolidation movement, instituted quo warranto proceedings, challenging the validity of the consolidation, and praying that the officers who had thus usurped the franchises of their corporation be ousted, etc.

In January, 1927, this proceeding resulted in favor of the relators; the proceedings for consolidation being declared null and void for noncompliance with the statutes relating to consolidations.

Promptly thereafter new consolidation proceedings were begun and conducted in all respects as provided in Code, § 7038, and a consolidation duly effected March 18, 1927.

The same three stockholders dissented to this consolidation, did not agree to take stock in the consolidated corporation in lieu of their holdings, and filed a petition in the probate court under Code, § 7043, looking to the appraisal and payment to them of the value of their stock. This proceeding, so far as appears, was not followed up.

On the same date such petition was filed, April 7, 1927, the present bill in equity was filed by the same dissenting stockholders. The original bill proceeded on the theory there had never been a lawful consolidation,

and sought, among other things, an accounting of the individual respondents, officers and directors of the consolidated corporation, as trustees in invitum, etc.

By amendment, the bill, in one aspect, conceded the final consolidation of the two corporations; but alleged: "\* \* \* Complainants are now entitled to recover in cash of the defendants the amount their stock was depreciated in value by the said wrongful acts, conduct and management of the defendants during the years 1926 and 1927 down to the second consolidation in 1927, and they are also entitled to have and recover of the defendants the actual value of their stock at the time of the second consolidation."

The trial court denied relief, and dismissed the bill.

The equity of the amended bill for an accounting for damages by way of depreciation in value of complainants' stock as a result of usurpation, or breach of duty by respondents, as corporate officers, is not sustained by the evidence. The lawful right of these respondents and others to incorporate and operate a new gin and warehouse in Boaz, is not questioned. The fact of such new company including largely the customers of gins at Boaz, many of them stockholders in both companies, was, under the evidence, the cause of depreciation, if any, in the value of stock in the older concern. The merger of the two was manifestly in good faith. That it was to the interest of stockholders in the older concern is best evidenced by the fact that all, of more than two hundred, save these three, approved the plan of consolidation. The mere fact that for legal reasons the first consolidation did not stand, does not prove that consolidation and joint management were not in the interest of all financially. Both gins were operated. The assets of the old company remained intact and easily ascertainable in value at the time consolidation was legally effected. By the plan of consolidation stockholders in each of the old companies were entitled to stock in the new company, share for share. Complainants had the election to take it with accrued dividends; or claim the value of their stock; and it does not appear from the evidence such value was less than if no abortive proceedings to consolidate had ever been had.

We conclude no case for an accounting because of depreciation from the wrongful conduct complained of was made out. Hence no purely legal relief by way of ascertaining and decreeing the value of the stock at the time of lawful consolidation, if such relief at law be now available, would be proper in equity.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.